UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELVIRA PRICE, et al,

    Plaintiffs,

vs.

Case No. 05-73169

HON. AVERN COHN

BERKELEY PREMIUM NUTRACEUTICALS,
INC., et al,

    Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS OR STAY**

I.  Introduction

This is a consumer class action case.  Plaintiffs, including Elvira Price, are consumers and are suing defendants Berkeley Premium Nutraceuticals, Inc. and its subsidiaries, Warner Health Care, Inc., Wagner Nutraceuticals, Inc., Lifekey, Inc., and Boland Naturals, Inc. (collectively, Berkeley) on claims arising out of the purchase herbal remedies which appear to be male and female enhancement products.  Plaintiffs seek class action status.  Broadly stated, plaintiffs claim that defendants engaged in a scheme of fraudulent activity and unauthorized billing that resulted in loss and injury to plaintiffs and also that defendants misrepresented the efficacy of the products.

Plaintiffs claim (1) violation of the Unordered Merchandise Statute, (2) violation of the Electronic Funds Transfer Act, (3), violation of the Ohio consumer protection act, (4) fraud/misrepresentation, (5) negligent misrepresentation, (6) unjust enrichment, and (7) breach of contract.

Before the Court is defendants' motion to dismiss or stay the case on the grounds that (1) plaintiffs have not stated viable federal claims nor is diversity jurisdiction appropriate, thus subject matter jurisdiction is lacking, and (2) the case should be stayed because a parallel class action has been certified in Ohio and because of an ongoing criminal investigation by the United States Attorney's Office in Cincinnati, Ohio.  For the reasons that follow, the motion is GRANTED IN PART AND DENIED IN PART.  With the exception of plaintiffs' motion for class certification, all proceedings in this case will be stayed until further order of the Court.

## II.  Factual Background

### A.

Defendants nationally market and distribute herbal dietary supplements from their facilities in Forest Part, Ohio.  The supplements are marketed as male and female enhancement products.  In 2003, defendants sold over $100 million in supplements.  Defendant's supplement sales for 2004 are expected to exceed $260 million.  Eight named plaintiffs from Florida, Georgia, Michigan, Missouri, New York, and Texas claim that they purchased defendants' products based on false and misleading statements related to the efficacy of the products.  They further claim that defendants' billing practices caused plaintiffs to buy more products than they had agreed to purchase.

Specifically, plaintiffs claim that members of the class believed that they were agreeing to pay for shipping of a single free sample of an over-the-counter herbal remedy, but that defendants enrolled them in a "Managed Care Program" in which members of the class receive regular deliveries of herbal remedies with costs automatically charged to their credit cards without additional approval.  Plaintiffs also

claim that the supplements do not perform their advertised functions. Plaintiffs say that when they informed defendants that they did not want further supplements, they were told that a letter from a physician was required to release them from the contract.

B.

This case has a long and complicated procedural history.

On May 13, 2004, Robert Price and Elvira Price filed a complaint as individual plaintiffs against Berkeley and its subsidiaries in Wayne County Circuit Court. On June 10, 2004, Price granted Berkeley an extension of time within which to answer to the summons and complaint, extending the deadline to July 19, 2004. On July 15, 2004, Price, as a representative plaintiff, served Berkeley with the First Amended Class Action Complaint, which included six additional named plaintiffs and asserted that they were seeking relief on behalf of themselves and all others similarly situated. On July 22, 2004, Price granted Berkeley an extension of time in which to answer to the First Amended Class Action Complaint, moving the deadline to September 22, 2004.

On August 18, 2004, instead of filing an answer, Berkeley removed the case to federal court on the grounds of diversity jurisdiction, Price v. Berkeley, Case No. 04-73166. In its removal petition, defendants relied on case law that was subsequently overturned by the Court of Appeals for the Sixth Circuit. Following removal, defendants acknowledged this fact and indicated that a remand was appropriate in a statement to the Court regarding jurisdiction. Plaintiffs, however, who presumably had been happy to file in state court, now decided that they wanted to be in federal court. Plaintiffs therefore responded to defendants' statement regarding jurisdiction by proposing to amend the complaint to add two federal causes of action: the Unordered Merchandise

3

Statute (UMS) and the Electronic Funds Transfer Act (EFTA).  Plaintiffs also filed a motion to File a Second Amended Complaint to this effect.  Defendants, however, no longer happy with being in federal court, opposed the motion on the grounds that the federal claims failed to state a claim and amendment would be futile.  Plaintiffs did not respond to defendants' arguments, but rather filed a motion to voluntarily dismiss the complaint based on a new belief that a recently enacted federal statute, the Class Action Fairness Act of 2005, would provide them with federal jurisdiction.  The Court heard plaintiffs' motion to voluntarily dismiss the complaint on April 8, 2005, at which the Court indicated that a newly-filed complaint would be treated the same as any other newly filed action.  The Court then granted plaintiffs' motion.

The next day, April 9, 2005, plaintiffs filed the instant complaint alleging seven claims, noted above.  The complaint contains virtually the same factual allegations as the complaint in the prior dismissed case and adds federal causes of action under the UMS and EFTA, as well as a state law claim under the Ohio consumer protection act.  The complaint also asserts diversity jurisdiction under the Class Action Fairness Act of 2005.

While plaintiffs in this case were struggling to remain in federal court, another class action case has proceeded in Ohio state court against defendants, Parker, et al v. Berkeley Premium Nutraceuticals, Inc. et al (Case no. 04 CV 1093, Judge Kessler) (the Ohio case).  That case was filed on March 17, 2004, two months before Price filed her complaint in state court.  Discovery was conducted in the Ohio case.  On April 29, 2005, the Ohio state court certified three nationwide classes covering the same basic conduct alleged here against the same defendants.

Moreover, on March 17, 2005, local and federal law enforcement officers seized documents and computers at defendants' premises. The assets of a Mr. Warshak, an apparent owner/principle in the defendant companies, were frozen and are the subject of a civil forfeiture complaint.

### III. Analysis

#### A. Legal Standards

Fed. R. Civ. P. 12(b)(1) provides for a motion to dismiss for lack of jurisdiction over the subject matter of the claim. In order to defeat a motion under 12(b)(1), the plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is "substantial." A federal claim is substantial unless "prior decisions inescapably render [it] frivolous." Transcontinental Leasing, Inc. v. Michigan National Bank of Detroit, 738 F.2d 163, 165 (6th Cir. 1984). In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made. Musson Theatrical v. Federal Express Corp., 89 F.3d 1244, 1248 (1996).

When analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take a plaintiff's well-pleaded allegations as true. Mire v. DeKalb County, 433 U.S. 25, 27 n.1 (1977). "[W]hen an allegation in capable of more than one inference, it must be construed in the plaintiff's favor." Sinai v. Lawson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hechuan v. King & Spaulding, 467 U.S. 69, 73 (1984). "The complaint should not be dismissed unless it appears without doubt that the plaintiff can prove no

set of facts in support of his claim that would entitle him to relief." Computer Leasco v. Volvo White Truck Corp., 820 F. Supp. 326, 332 (E.D. Mich. 1992) (citing Conley v. Gibson, 335 U.S. 41, 45-46 (1957)).

### B. Jurisdiction

The question of subject matter jurisdiction here has been a thorny one from the beginning. As noted above, after defendants mistakenly removed the first case from state court; plaintiffs voluntarily dismissed the case instead of seeking a remand. This was due, at least in part, to plaintiffs' belief that they could file a new case which properly invoked federal subject matter jurisdiction. As noted above, the Second Amended Complaint asserts the following claims: (1) violation of the Unordered Merchandise Statute, 39 U.S.C. § 3009(a) and (c) (2) violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, (3), violation of the Ohio consumer protection act, (4) fraud/misrepresentation, (5) negligent misrepresentation, (6) unjust enrichment, and (7) breach of contract. In addition to the federal claims, plaintiffs assert that jurisdiction is proper under the 28 U.S.C. § 1332(d) as amended by the Class Action Fairness Act of 2005.

The Court first will address subject matter jurisdiction under the Class Action Fairness Act of 2005. On February 18, 2005, the United States Congress passed the "Class Action Fairness Act of 2005," (CAFA) which is applicable "to any civil action commenced on or after [February 18, 2005]." PL 109-2, § 9, set out as a note to 28 U.S.C. A. § 1332, 119 Stat. 4 (2005). The CAFA added section 28 U.S.C. § 1332(d)(2), which provides:

> (2) The district courts shall have original jurisdiction of any civil

>action in which the matter in controversy exceeds the sum or value
>of $5,000,000, exclusive of interest and costs, and is a class action
>in which--
>(A) any member of a class of plaintiffs is a citizen of a State
>different from any defendant;
>...

Plaintiffs say that the § 1332(d)(2) applies because "the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which some of the members of the class are citizens of a State different from any defendant." Complaint at ¶ 28. Plaintiffs also note that the complaint was filed in federal court on April 9, 2005 - after the statute's effective date.

Defendants argue that § 1332(d)(2) does not apply because plaintiffs "commenced this action," before the effective date of the statute. Defendants say that the action was commenced when plaintiffs filed the first case in state court on May 13, 2004. In support, defendants rely on the Court of Appeals for the Tenth Circuit's decision in Pritchett v. Office Depot, Inc., 420 F.3d 1090 (10th Cir. 2005).[1] In Pritchett, the Tenth Circuit held that an action was "commenced" for purposes of the CAFA when it was filed in state court, not when it was removed. Thus, defendants argue that the date plaintiffs' original complaint was filed in state court applies because the new complaint is essentially the same. In other words, defendant suggests that the new complaint should relate back to the date of the original complaint for purposes of application of the CAFA.

---

[1] Both parties cite to the Tenth Circuit's decision in Pritchett reported at 404 F.3d 1232 (10th Cir. 2005). That decision, however, was superceded by the decision reported at 420 F.3d 1090. Although the original decision and the superceded decision have the same holding, the Court cites to the superceded decision.

Defendants' argument is not well taken. This case is not like Pritchett.[2] First, unlike Pritchett, the original case was improvidently removed, i.e. the Court did not have subject matter jurisdiction over the case based on the complaint. Second, plaintiffs, as was their right, voluntarily dismissed the original case and then filed a new case. At the hearing on plaintiffs' motion, the Court indicated that plaintiffs' refiling would be treated as any new case. Because it is clear that the Court never had jurisdiction over the original complaint, it would be improper for the Court to use the date that the original complaint was filed in state court as a means of determining when the action commenced. Rather, the Court must look to the date the new case was filed, which is after the CAFA was enacted. While defendants contend that it would be "unfair" to preclude a defendant from removing a case that was commenced before the effective date of the CAFA (but see n. 2) and allow a plaintiff to dismiss a pending case and re-file it so as to take advantage of the CAFA's jurisdictional provision, the Court is convinced that under these circumstances, where the original case should not have been in federal court in the first place, the date of the new complaint must control.

Defendants do not contest plaintiffs' allegations regarding the amount in controversy or that the CAFA is otherwise inapplicable. Thus, the Court has diversity jurisdiction under § 1332(d)(2). In light of this determination, the Court declines to consider whether plaintiffs' have stated any viable federal claims, particularly in light of

---

[2]In Adams v. Federal Materials Co., Inc., 2005 WL 1862378 (W.D. Ky. 2005), the district court declined to follow Pritchett and instead held, examining precedent from the Sixth and other Circuits, that an action is "commenced" for purposes of the CAFA from the perspective of the defendant, not when the complaint is filed in state court. Thus, a defendant added after the effective sate of the statute had a right to remove the case to federal court.

staying the case. The real issue is whether the case should be stayed as a result of the parallel proceeding in the Ohio state courts.

C.

1.

In <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976), the Supreme Court held that in "exceptional" circumstances, a federal district court may stay or dismiss an action solely because of the pendency of similar litigation in state court. <u>Id</u>. at 818. The Supreme Court held that "considerations of 'wise judicial administration, giving regard to conservation of judicial resources' " created a narrow exception to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." <u>Id</u>. at 817. The principles underlying this doctrine "rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" <u>Id</u>.

Before the <u>Colorado River</u> doctrine can be applied, the Court must first determine that the concurrent state and federal actions are actually parallel. <u>See Crawley v. Hamilton County Comm'rs</u>, 744 F.2d 28 (6th Cir. 1984). "[E]xact parallelism" is not required: [i]t is enough if the two proceedings are substantially similar." <u>Nakash v. Marciano</u>, 882 F.2d 1411, 1416 (9th Cir. 1989).

Here, the complaint in this case and the complaint in the Ohio case are strikingly similar. Both seek class wide relief against the same defendants in the form of monetary and injunctive relief to stop defendants' allegedly fraudulent marketing and sales practices. Both cases state claims under the Ohio consumer protection act and common law claims for breach of contract, fraud, and misrepresentation. The Ohio

9

court has certified three nationwide classes. Significantly, plaintiffs do not argue that they are not covered by the classes certified in Ohio, but instead argue that the asserted class in this case is broader than the class certified in the Ohio case. The only differences that can be discerned at this point are that (1) this case involves federal claims and (2) this case involves more products that the Ohio case. However, the main thrust of the argument in opposition to the stay is Congress' alleged intent from the CAFA that nationwide class actions proceed in federal court, not state court. This argument will be addressed below. While the cases appear sufficiently parallel so as to weigh in favor of abstention, as will be explained, the better course is for the Court to stay proceedings but allow the parties to brief the issue of class certification.

Assuming that the cases are parallel, the Court must consider the following factors in deciding whether to defer to the concurrent jurisdiction of the state court:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is more convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal, (6) the adequacy of the state court action to protect the federal plaintiff's rights,(7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction, These factors, however, do not comprise a mechanical checklist. Rather, they require "a careful balancing of the important factors as they apply in a give case" depending on the particular facts at hand.

Romine v. Compuserve Corp., 160 F.3d 337, 340-41 (6th Cir. 1998) (citations omitted).

Here, the first factor does not apply because no res is involved. While plaintiffs appear to argue that the federal forum is not only more convenient, but is required based on the CAFA, the CAFA did not eliminate the state courts from entertaining such class actions. Rather, the CAFA expanded federal jurisdiction to allow cases that could

10

previously only be filed in state court, to be filed in federal court. It is not create exclusive federal jurisdiction, but rather concurrent jurisdiction. Thus, the second factor weighs in favor of a stay. As to the order in which jurisdiction was obtained, the Ohio case was filed in March of 2004, well before this case was filed and two months before Price filed in state court as an individual (the class action complaint was not filed in state court until July 2004). Moreover, the Ohio case has clearly proceeded further than this case. This case has been stalled by the parties' procedural wranglings and the continued contesting of jurisdiction. As to the source of governing law, while the complaint in this case asserts federal causes of action (which, based on defendants' 12(b)(6) motion are at the very least of questionable merit), the thrust of the complaint is under state law, particularly Ohio law. Moreover, the fact that defendants have appealed the order certifying the classes does not weigh in plaintiffs' favor, but rather is additional support for the argument that the case is proceeding faster in the Ohio courts and the interests of judicial economy favor a stay. Overall, the balance of the above factors weights in favor of abstention.

Because in this Circuit abstention under Colorado Rivers requires a stay, not a dismissal, see Bates v. Van Buren Twp., 122 Fed. Appx. 803 (6th Cir. Dec. 6, 2004), all proceedings in this case are STAYED until further order of the Court.[3]

2.

The Court's stay order is limited in one respect. Plaintiffs filed a motion for class

---

[3]In light of this determination, the Court declines to address defendants' alternative argument that a stay is warranted based on the pending criminal investigation against defendants.

11

certification on May 25, 2005. Defendants did not respond and instead filed the instant motion. In order to determine whether this case and the Ohio case are truly parallel for purposes of Colorado River, the Court must examine the class certification issue. Accordingly, defendants shall file a response to the motion for class certification within 20 days. Plaintiffs shall have 10 days thereafter to file a reply. Plaintiffs should also lodge with the Court a copy of the form of order on class certification, including the class definition, that the Court would enter should they prevail on their motion. If the Court desires a further hearing after receipt of the parties' papers, the parties will be notified.

     SO ORDERED.

        s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated: October 17, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2005, by electronic and/or ordinary mail.

        s/Julie Owens
       Case Manager
       (313) 234-5160